# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1573V
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| GARY L. LARSON, | \* | Filed: September 18, 2018 |
| Petitioner, | \* | Special Master Oler |
| v. | \* | |
| | \* | Entitlement; Influenza ("Flu") Vaccine; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* | Guillain-Barré Syndrome ("GBS"). |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Joseph Tedford McFadden, Jr.*, Rawls Law Group, Norfolk, VA, for Petitioner.

*Jennifer Leigh Reynaud*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On October 20, 2017, Petitioner Gary L. Larson filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine that he received on October 23, 2014.

In his Rule 4(c) Report, filed on September 17, 2018, Respondent recommends that compensation be awarded in this case. Rule 4(c) Report at 1, ECF No. 17. Respondent states that the medical evidence demonstrates Petitioner has "satisfied the criteria set forth in the

---

[1] Although this ruling is not formally designated for publication, it will be posted nonetheless on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Vaccine Injury Table ("Table") and the Qualifications and Aids to Interpretation ("QAI") for GBS." *Id*. at 8.  Accordingly, Respondent concludes that Petitioner is entitled to an award of damages limited to Petitioner's "GBS and its related sequelae only." *Id*.

In light of Respondent's concession, and based on my own review of the record (*see* Section 13(a)(1); 42 C.F.R. § 100.3(a)(II)), I find that Petitioner is entitled to compensation for an injury that was caused-in-fact by a vaccination.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master