# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: August 12, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| GARY L. LARSON, | * | |
| | * | |
| Petitioner, | * | No. 17-1573V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Glen H. Sturtevant, Jr.*, Rawls Law Group, Richmond, VA, for petitioner.
*Jennifer L. Reynaud*, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On October 20, 2017, Gary L. Larson ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he developed Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine on October 23, 2014. *See* Petition, ECF No. 1. On March 27, 2019, the parties filed a proffer, which the undersigned adopted as her Decision awarding damages on March 28, 2019. Decision, ECF No. 28.

On April 29, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF No. 32 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$49,398.14, representing $47,962.50 in attorneys' fees and $1,435.64 in attorneys' costs. Fees App at 4. Pursuant to General Order No. 9, petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 3 at 2. Respondent responded to the motion on May 13, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 33. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.    Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for the work of his attorneys: for Mr. Joseph McFadden, $350.00 per hour for work performed in 2015, $363.00 per hour for work performed in 2016, $376.00 per hour for work performed in 2017, $395.00 per hour for work performed in 2018, and $422.00 per hour for work performed in 2019; and for Mr. Glen Sturtevant, $349.00 per hour for work performed in 2019. Petitioner also requests rates for paralegals ranging from $135.00 per hour to $159.00 per hour for work performed from 2015-2019. These rates require further discussion.

Concerning Mr. Sturtevant's requested 2019 rate, the undersigned finds that it exceeds what he has previously been awarded. *See Stewart v. Sec'y of Health & Human Servs.*, No. 18-650V, slip op. at 3 (Fed. Cl. Spec. Mstr. Jun. 7, 2019). The undersigned agrees with the special master's reasoned analysis in *Stewart* and finds that $335.00 per hour is an appropriate rate for Mr. Sturtevant's work in 2019. The billing records indicate that Mr. Sturtevant performed 3.7 hours of work in 2019. Fees App. Ex. 1 at 27. The undersigned will therefore reduce the final award of fees by **$51.80**.

Turning next to Mr. McFadden's rates, the undersigned finds that the rates requested for 2015-2018 are reasonable and consistent with what Mr. McFadden has previously been awarded for his Vaccine Program work. *See Kollias v. Sec'y of Health & Human Servs.*, No. 16-868V, 2018 WL 6301793, at *1 (Fed. Cl. Spec. Mstr. Oct. 2, 2018). Concerning Mr. McFadden's requested 2019 rate, the undersigned finds it to be reasonable. Mr. McFadden was barred in 1983, giving him approximately 36 years of experience and placing him squarely within the range of 31+ years of experience. Although a yearly increase of $27.00 per hour is high in the undersigned's experience and would not generally be awarded, it appears as though Mr. McFadden's established 2018 rate is lower than what might typically be expected for an attorney with his experience. Given that $415.00 per hour is the lowest rate anticipated for attorneys with over 31 years of experience, the undersigned finds that $422.00 per hour is reasonable for Mr. McFadden's work in 2019.

Finally, petitioner's requested rate of $159.00 per hour for paralegal work in 2019 must be reduced because it exceeds the maximum amount prescribed by the Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule for 2019.[3] Per the Fee Schedule, the maximum amount for paralegal work is $156.00 per hour. As has been done previously, the undersigned will compensate 2019 paralegal work at $156.00 per hour. The billing records indicate 0.9 hours of paralegal work was performed in 2019, necessitating a reduction of **$2.70**.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v.*

---

[3] The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

*Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed to be largely reasonable. The only reduction necessary is for time spent by paralegals processing invoices for medical records, a task which is typically considered to be administrative in nature and thus non-compensable in the Vaccine Program. *See, e.g., Dobbins v. Sec'y of Health & Human Servs.*, No. 16-854V, 2018 WL 6521034, at *2 (Fed. Cl. Spec. Mstr. Oct. 19, 2018). Also requiring reduction is an entry on April 5, 2017 in which a paralegal spent 1.6 hours on "reviewing records for attorney review." Fees App. Ex. 1 at 14. Given that paralegals billed time on attention to incoming records and organizing them (presumably to confirm the records received were responsive to the request), it is unclear what value is added by then reviewing the records only for an attorney to also review them. The undersigned will therefore reduce the final award of fees by **$600.00** to account for these entries. Petitioner is thus entitled to final attorneys' fees of **$47,308.00**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $1,435.64 in attorneys' costs. This amount consists of acquiring medical records, postage charges, the Court's filing fee. Fees App. Ex. 2 at 3-4. Petitioner has provided adequate documentation of all these expenses, and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $47,962.50 |
| (Reduction to Fees) | - ($654.50) |
| **Total Attorneys' Fees Awarded** | **$47,308.00** |
| | |
| Attorneys' Costs Requested | $1,435.64 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,435.64** |
| | |
| **Total Amount Awarded** | **$48,743.64** |

**Accordingly, the undersigned awards a lump sum in the amount of $48,743.64, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Glen Sturtevant, Jr.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).